IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAROLD L. DORTCH, #298361, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-321-WKW-CSC |
| SIMONE A. PARKER, | ) ) | |
| Defendant. | ) ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff Harold L. Dortch, a former inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action in May 2020 seeking only injunctive relief. Doc. 1. Plaintiff has since been released from prison. *See* Case No. 2:20-CV-334-MHT-CSC (M.D. Ala. 2020), Doc. 83.[1] Accordingly, for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for lack of subject-matter jurisdiction.[2]

## I.   PROCEDURAL HISTORY

Plaintiff brings this action against Simone A. Parker, who was employed as a Classification Specialist at Bullock Correctional Facility at the time of the events alleged in the Complaint. Doc. 1 at 2. In his Complaint, Plaintiff alleges that Defendant Parker refused to send him back to work release in retaliation for previous lawsuits he filed in

---

[1] *See also* http://doc.state.al.us/inmatesearch (last visited on April 26, 2023).

[2] "[A] dismissal for lack of subject-matter jurisdiction is 'entered without prejudice.'" *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (quoting *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

this Court. *Id*. As relief, he seeks "to imediately [sic] receive [his] comm. custody back"; to "be transfered [sic] imediately [sic] back to Mobile Work Release"; for the Court to "call Mrs. Sandra Conway at the Central Review Board" who "can handle everything"; and for Defendant Parker, as well as an individual not named as a defendant, to be fired. *Id*. at 4. In a subsequent amendment to the Complaint, Plaintiff reiterates that he wants his "Comm. 1 Work Release . . . given back to [him]" and to be "transfered [sic] back to Mobile Work Release imediately [sic]." Doc. 9 at 5.

On July 20, 2020, Defendant Parker filed a Special Report with supporting evidentiary materials addressing Plaintiff's claims. Doc. 12. Plaintiff then filed a second amendment to the Complaint, in which he states additional allegations and again seeks transfer from Bullock. *See* Docs. 21, 22. Later, Plaintiff filed a third amendment to the Complaint, in which he continues to seek "transfer to a lower level security camp." *See* Docs. 25, 26. Later still, Plaintiff filed a fourth amendment to the Complaint, in which he states, "I'm asking the Court for an imediate [sic] transfere [sic]." Doc. 35 at 2. Defendant Parker filed Supplemental Special Reports addressing the claims presented in Plaintiff's amendments. *See* Docs. 33, 40. Finally, Plaintiff filed a response to Defendant's Special Report and supplements. Doc. 45.

## II.    DISCUSSION

In his Complaint and subsequent amendments, Plaintiff solely seeks injunctive relief.[3] *See* Docs. 1, 9, 21, 25, 35. Specifically, he repeatedly seeks a lower custody classification and transfer from Bullock to a work release program. However, in October of 2021, Plaintiff notified the Court that he had been transferred from Bullock to Elmore Correctional Facility. Doc. 46. And, in April of 2023, Plaintiff notified the Court that he has been released from custody and is no longer incarcerated. *See* Case No. 2:20-CV-334-MHT-CSC (M.D. Ala. 2020), Doc. 83. The Alabama Department of Corrections inmate database further indicates that Plaintiff is no longer incarcerated. *See* http://doc.state.al.us/inmatesearch (last visited on April 26, 2023).

"[A] prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action." *Owens v. Centurion Med.*, 778 F. App'x 754, 758 (11th Cir. 2019) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred") and *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or

---

[3] In Plaintiff's response to the Special Report and supplements, he purports—for the first time—to seek monetary damages in addition to injunctive relief. *See* Doc. 45 at 8. However, that request is not properly before the Court, as neither the Complaint nor any of the amendments thereto contained such a request, and Plaintiff did not move to amend his Complaint to include monetary damages. Moreover, even if he had, the motion would have been untimely because Plaintiff's response was filed more than 21 days after Defendant's final Supplemental Special Report (Doc. 40). *See* Doc. 5 at 5 ("All amendments to the complaint and/or motions to amend must be filed within twenty-one (21) days of the defendant filing his/her special report . . . . Proposed amendments or motions to amend filed after this date will be considered untimely.").

controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.")). "Nor will there be any case or controversy when the chance of a prisoner's return to the offending facility is too speculative." *Owens*, 778 F. App'x at 759 (citing *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative)).

Because Plaintiff is no longer incarcerated, there is no reasonable expectation that Defendant Parker may continue to deprive him of a particular custody classification or work release, and any effects of that alleged deprivation have been completely and irrevocably eradicated. *See Owens*, 778 F. App'x at 759 (citing *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). Further, any possibility that Plaintiff will be reincarcerated and return to Bullock is speculative at best. Thus, Plaintiff's release from custody since the filing of this action renders moot his requests for injunctive relief with regard to his custody classification. *See Owens*, 778 F. App'x at 759; *Spears*, 846 F.2d at 1328. Accordingly, this case is due to be DISMISSED for lack of subject-matter jurisdiction.[4]

---

[4] The jurisdiction of the federal courts is limited to actual cases and controversies. *Finstad v. Fla., Dep't of Bus. and Pro. Regul.*, 295 F. App'x 352, 353 (11th Cir. 2008) (citing *Crown Media, LLC v. Gwinnett Cnty., Ga.*, 380 F.3d 1317, 1324 (11th Cir. 2004). "[A] district court must *sua sponte* inquire into subject matter jurisdiction, and may dismiss a case, whenever it may be lacking." *McGee v. YWCA Miami-Dade Cnty.*, No. 11-22410-CIV, 2011 WL 3235983, at *1 (S.D. Fla. July 28, 2011) (citing Fed. R. Civ. P. 12(h)(3); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). "[O]nce a federal

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for lack of subject-matter jurisdiction.

It is further ORDERED that, on or before **May 15, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

DONE this 1st day of May, 2023.


/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE